Tilghman C. J.
This cause was before us at September Term, 1812, when the judgment of the Court of Common Pleas of Franklin county was affirmed, but the execution reversed. The record is still remaining in this Court, and the plaintiff in error has moved, that it may be sent down to the Common Pleas, with an order, that restitution should be made by the defendant in error, of the money levied on the execution. This order ought to have been made when the execution was reversed, and would have been made if it had been applied for. I consider it as a matter of course : for of what avail is the reversal of the execution, unless the party injured obtains restitution? The act of assembly directs, that when this Court has given judgment, the record shall be remitted to the Court from which it came, who are to carry into effect whatever remains to be done. If the record has been' returned before this motion had been made, there might have been some difficulty in getting at it. But as it appears that it remains with us, there can be no objection to granting the motion. I am opinion, that an order for restitution should be made, and the record transmitted to the Court of Common Pleas.
Ye ates J.
(absent, but had drawn up the following opinion, which was read.) Courts of justice will always be sedulous in preventing their process from being the instrument of injustice or oppression. And to such an extent, in these instances, has their liberality of late years been carried, that when executions have been irregularly issued or executed, the Court, on mere motion, will set aside the proceedings, and order the money levied to be restored to the party. 2 Wils. 394.
*59 After full argument of this writ of error, in September Term, 1812, the Court here affirmed the judgráent entered in the Court of Common Pleas, but set aside the executions issued thereon as erroneous ; upon the grounds, that the fieri facias upon which the lands were levied, issued during the pendency of a suit to revive the same judgment, brought against the terretenants, to which they had appeared and pleaded to issue. The plaintiff below was' therefore manifestly wrong in proceeding in both suits at the same time. Without these executions, the sheriff would not have sold the lands, and they having been set aside for irregularity, become nullities, and leave the case just as if none had issued. 1 Dall. 394. I am of opinion, that the money arising from the sales, which has been paid to the defendant in error, should be restored.
Brackenridge J. concurred.
Order for restitution made, and that the record should be transmitted to the Court of Common Pleas.